# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2022

Lyle W. Cayce
Clerk

No. 21-30455

CARNELL MORRIS,

*Plaintiff—Appellant*,

*versus*

JAMES M. LEBLANC, *Secretary, Department of Public Safety and Corrections*; KIRT GUERIN, *Warden, Elayn Hunt Correctional Center*; JASON RUSS, *Colonel of Elayn Hunt Correctional Center*; UNKNOWN JONES, *Master Sergeant, Employee of Elayn Hunt Correctional Center*; UNKNOWN KIRK, *Sergeant, Employee of Elayn Hunt Correctional Center*; UNKNOWN RASHEEN, *Captain, Employee of Elayn Hunt Correctional Center*; UNKNOWN SMITH, *EMT, Employee of Elayn Hunt Correctional Center*; JOHN DOE, *EMT, Employee of Elayn Hunt Correctional Center*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-119

Before JONES, ELROD, and WILSON, *Circuit Judges*.

Per Curiam:*

Carnell Morris, Louisiana prisoner # 100116, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his complaint raising claims under 42 U.S.C. § 1983 and state law for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). By such motion, Morris is challenging the district court's certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Morris argues that he is financially eligible to proceed IFP, and he conclusionally states that his appeal is brought in good faith because his constitutional rights were violated. However, he briefs no argument challenging the district court's reasons for concluding that he failed to state a claim for relief, for declining to exercise supplemental jurisdiction over state law claims, and for denying him leave to amend the complaint. His failure to identify any error in the district court's analysis constitutes an abandonment of such claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

The district court's dismissal of the complaint for failure to state a claim and the dismissal as frivolous of this appeal each count as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Morris is WARNED that if he accumulates three strikes, he will

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30455

no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).